**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: SCIENTIFIC-ATLANTA, INC. SECURITIES LITIGATION | : : : : : : | CIVIL ACTION NO. 1:01-CV-1950-RWS |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Exclude Testimony of Ronald J. Gilson [332]; Defendants' Motion to Exclude Testimony of Edward A. Hirs, III [336, 341(redacted version)]; Defendants' Motion to Exclude Testimony of Dr. Steven L. Henning [337, 340 (redacted version)]; and Defendants' Motion to Exclude Testimony of Dr. Scott D. Hakala [338, 342 (redacted version)]. After a review of the record and a hearing held on November 17, 2009, the Court enters the following Order.

**I.  Background**

The above captioned lawsuit is a putative securities class action. The Complaint alleges that Defendants engaged in channel stuffing and improper accounting practices in an effort to conceal decreasing demand for Scientific-Atlanta, Inc.'s products. Plaintiffs further allege that Defendants made

materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 and Rule 10b-5 promulgated thereunder.  After engaging in extensive discovery, the parties now each contest the admissibility of opposing parties' expert testimony.  The Court heard oral arguments at an evidentiary hearing held on November 17, 2009.

## II. Legal Standard

Federal Rule of Evidence 702 governs the admissibility of proposed expert evidence :

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The trial court, as the gate-keeper, must determine that the testimony is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589-91 (1993) (quoting United States v . Downing, 752 F.2d 1224, 1242 (3d Cir. 1985)).  The trial court must also "make certain that an expert . . .

2

employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co . v. Carmichel, 526 U.S . 137, 152 (1999). Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert ; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chemicals, Inc. 158 F.3d 548, 562 (11th Cir. 1998), reh'g and reh'g en banc denied , 172 F.3d 884 (1999). With respect to the reliability of expert testimony, relevant factors include "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Id. at 1262 (quoting Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003)). "These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other

AO 72A
(Rev.8/82)

factors will be equally important in evaluating the reliability of proffered expert opinion." Id.

**III. Discussion**

    A.    <u>Plaintiffs' Motion to Exclude Testimony of Ronald J. Gilson</u>

Plaintiffs move to exclude Defendants' expert Gilson on the basis that his testimony offers legal opinions and is unhelpful to the jury. Following the hearing and a review of the relevant pleadings, the Court finds that Mr. Gilson's methodology and opinion meet the requisite standard under Daubert such that his testimony is permissible. Such ruling does not preclude Plaintiffs from objecting as to the admissibility of specific statements at trial. Accordingly, Plaintiffs' Motion to Exclude Testimony of Ronald J. Gilson [332] is **DENIED**.

    B.    <u>Defendants' Motion to Exclude Testimony of Edward A. Hirs III</u>

Defendants seek to have the Court exclude expert Hirs on the basis that he lacks requisite qualifications, his stated opinions are speculative, not based on reliable methodology, and unhelpful to the trier of fact. Following oral arguments at the hearing, the Court concludes that Mr. Hirs' testimony consists of conclusory opinions that would not be helpful to the jury. Therefore,

4

Defendants' Motion to Exclude Testimony of Edward A. Hirs, III [336, 341] is **GRANTED**.

    C.    <u>Defendants' Motion to Exclude Testimony of Dr. Steven Henning</u>

Defendants argue that the testimony of expert Dr. Henning should be excluded because he is unqualified and his opinions are speculative, lack factual basis, and fail to assist the trier of fact.

Most notably, Dr. Henning opines on three circumstances in which he concludes that Defendants improperly recognized revenue in violation of Generally Accepted Accounting Principles ("GAAP"). Defendants argue that these conclusions constitute legal opinions and rely on improper speculation. As to Dr. Henning's opinion regarding shipments stored in four trailers on the Juarez facility after the customer had taken custody of the shipped product, the Court finds this opinion excludable. Dr. Henning has failed to offer any factual evidence to demonstrate that Defendants had a continuing obligation to complete customs paperwork or otherwise. Absent such factual foundation, Dr. Henning's opinion regarding the revenue recognition in that situation may not be admitted. Defendants' Motion to Exclude is **GRANTED in part** as to the

5

limited issue of Dr. Henning's testimony pertaining to the shipments stored in four trailers on the Juarez facility.

As to all remaining opinions, the Court finds that Dr. Henning's testimony meets the standards set forth by the court in <u>Daubert</u> and may be admitted. As such, Defendants' Motion to Exclude Testimony of Dr. Steven L. Henning is **DENIED in part**. Defendants are not precluded from raising other appropriate objections at trial.

### D. <u>Defendants' Motion to Exclude Testimony of Dr. Scott D. Hakala</u>

Defendants seek to have the Court exclude Dr. Hakala's testimony on: (1) Defendants' mental state; (2) trends in the cable industry during the relevant class period; (3) inventory levels; and (4) damage and loss causation. Defendants argue that Dr. Hakala integrates unreliable methodology to reach conclusions that are speculative and unhelpful to the trier of fact.

Following a hearing on the merits, the Court finds that contentions regarding Dr. Hakala's opinions on Defendants' mental state are more suitably raised at trial in conjunction with specific statements. As to Dr. Hakala's opinions regarding industry trends and inventory levels, the Court finds that his testimony is proper under <u>Daubert</u> and may be admitted.

6

Defendants' argue that Dr. Hakala's opinion on damages and loss causation is flawed because he fails to account for confounding news released alongside the corrective disclosure which may have impacted stock prices. Defendants contend that a failure to disaggregate the effects of various statements on stock prices is improper and a basis for exclusion of Dr. Hakala's opinion. In response, Plaintiffs argue that the confounding news was already known by the marketplace and incorporated into the stock price; therefore, disaggregation was unnecessary. (Dkt. No. [349].) The Court finds that in reaching his opinion, Dr. Hakala conducted an event study which is an acceptable method for analyzing loss causation. Whether Dr. Hakala has persuasively *demonstrated* loss causation is an entirely separate issue which the Court finds inappropriate to address at this time. The failure to disaggregate the fraudulent and non-fraudulent statements does not require exclusion of Dr. Hakala's opinion at this stage of the litigation. However, the Court finds that this issue might be more appropriately addressed in a motion for summary judgment. Accordingly, Defendants' Motion to Exclude Testimony of Dr. Scott D. Hakala is **DENIED**.

AO 72A
(Rev.8/82)

## Conclusion

Plaintiffs' Motion to Exclude Testimony of Ronald J. Gilson [332] is **DENIED**. Defendants' Motion to Exclude Testimony of Edward A. Hirs III [336, 341] is **GRANTED**. Defendants' Motion to Exclude Testimony of Dr. Steven L. Henning [337, 340] is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Exclude Testimony of Dr. Scott D. Hakala [338, 342] is **DENIED**. Motions for summary judgment, if any, shall be filed in accordance with the Briefing Schedule [389] entered by the Court on September 10, 2009.

**SO ORDERED** this  24th  day of November, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)