**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| IN RE SCIENTIFIC-ATLANTA, INC. SECURITIES LITIGATION | : : : : : | CIVIL ACTION NO. 1:01-CV-1950-RWS |

**ORDER**

On January 19, 2011, Defendant submitted a Bill of Costs [459] along with supporting documents [460]. Plaintiffs filed Objections [472] to the Bill of Costs, and additional Briefs [473 and 476] have been submitted by the parties. After reviewing the submissions, the Court enters the following Order.

The following costs are not opposed by Plaintiffs: Fees of the Clerk - $450.; Deposition Costs - $26,631.51; Court Reporter Fees - $585.07; Witness Costs - $160.00; Copy and Exemplification Costs - $53, 693.37; and Docket Fees - $87.50. Costs in these amounts are approved by the Court.

Plaintiffs object to the following deposition costs: Realtime, rough and ASCII copies, copies of exhibits, duplicate copies, costs of transferring video to DVD, costs of transferring transcripts and exhibits to CD, costs of video

synchronization, and postage costs. In light of Plaintiffs' objections, Defendants have withdrawn their requests for rough ASCII copies, duplicate copies, and postage. These requests total $8,822.45. As to the other costs to which Plaintiffs object, the Court sustains Plaintiffs' objections. The Court finds that in each instance, the cost is for the convenience of counsel and not authorized by 28 U.S.C. § 1920. The total of these additional costs is $19,549.35. Based on the foregoing, the Court awards costs for deposition-related fees in the amount of $26,631.51.

Plaintiffs object to a substantial portion of the copy and exemplification costs sought by Defendants. Plaintiffs assert that Defendants have failed to adequately identify the costs in a manner that allows the Court to determine if the costs are properly taxable under Section 1920; particularly, the charges by Gallivan, Gallivan & O'Melia, LLC ("GGO"), the electronic-document production vendor. Plaintiffs assert that many of these costs are associated with electronic production of documents rather than duplication of documents. Plaintiffs also identify specific costs of GGO that Plaintiffs contend are clearly not taxable. Addressing Plaintiffs' general challenge to recovery of costs associated with an electronic-document production vendor, the Court agrees with the conclusion in CBT Flint Partners, LLC v. Return Path, Inc., 676 F.

2

Supp 2nd 1376 (N.D. Ga. 2009), that the services required for producing information stored electronically differ from those required to produce information from hard copies of documents.  It is appropriate to take into account the costs associated with these additional services in assessing costs for exemplification and copying of materials.  However, that being said, the party seeking to recover costs for copying bears the burden of establishing entitlement to the costs.  <u>Scelta v. Delicatessen Support Servs., Inc.</u>, 203 F. Supp 2nd 1328, 1340 (M.D. Fla. 2002).

     As support for their claim, Defendants submitted over 160 pages of invoices from GGO.  However, the Court is generally unable to discern from the entries on the invoices whether the charges may appropriately be attributed to copying documents.  Plaintiffs isolated several categories of charges for specific challenges.  In response, Defendants have voluntarily withdrawn their claims for privilege searches, support segregation, and blowbacks of documents.  Defs.' Resp. Br. [473] at 14.  Further, the Court finds that the training-related costs, keyword searching costs, and home support costs specifically challenged by Plaintiffs are not taxable.  Defendants include charges for 81 training sessions, most lasting multiple hours.  Plaintiffs challenged the necessity of this number of sessions, and Defendants failed to

3

justify them.  Regarding the keyword searching, Plaintiffs argue that "[s]uch searches are simply the ESI equivalent of having a room full of reviewers physically review paper documents for responsive documents."  Pl.'s Opp. Br. [472] at 21.  Costs for such a review are not taxable.  Because the costs for the review are not taxable, home support for that work is, likewise, not taxable.

However, in response to Plaintiffs' challenge to equipment rental charges, Defendants have shown that those charges were necessary fo perform the electronic production of documents.  Def.'s Resp. Br. [473] at 13.  Therefore, the equipment rental costs of $9,000.00 are taxable.

While there may be additional costs included in the invoices that would be taxable, the Court should not bear the burden of having to sift through over 160 pages of invoices to identify specific charges attributable to copying.  Because the Court finds that Defendants have provided inadequate information for the Court to properly determine the taxability of the other costs of GGO, said costs will be excluded.  Based on the foregoing, copying costs shall be taxed against Plaintiffs in the sum of $62,693.37.

Total costs are taxed against Plaintiffs in the sum of $90,607.45.

4

**SO ORDERED**, this __6th__ day of July, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE